IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| BUTLER NATIONAL SERVICE CORPORATION, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 09-2466-JWL-DJW |
| NAVEGANTE GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| NAVEGANTE GROUP, INC., | ) ) | |
|---|---|---|
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 09-2554-JWL-DJW |
| BUTLER NATIONAL SERVICE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Leave to File First Amended Complaint (ECF No. 20) filed by Navegante Group, Inc. and Larry J. Woolf (collectively, "Navegante"). For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Navegante filed a lawsuit for negligent misrepresentation and unjust enrichment against Butler National Service Corporation ("Butler") on October 28, 2009. Navegante contends that Butler schemed to harness Navegante's knowledge and experience in order to bolster Butler's efforts to win state approval to build and manage the Boot Hill Casino and Resort (the "Casino"). Navegante further contends that when Butler promised Navegante a primary and long-term role in the management of the Casino, Butler convinced Navegante to consult on the

1

project and provide significant assistance on the project. According to Navegante, its involvement with the project was key to Butler winning the bid for the Casino. However, Navegante claims that after Butler obtained state approval for the Casino, Butler reneged on its promises an d attempted to relegate Navegante's role to a short-term consulting role and refused to execute a formal written agreement that would memorialize Navegante's promised role on the management team.

On February 2, 2010, Navegante's lawsuit, *Navegante Group, Inc. v. Butler National Service Corporation*, No. 09-2554-JWL-DJW, was consolidated with *Butler National Service Corporation, et al. v. Navegante Group, Inc.*, et al., No. 09-2466-JWL-DJW, with the later designated the lead case. The Court then entered a Scheduling Order (ECF No. 15), which set the deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings on May 6, 2010. Navegante timely filed its Motion on May 6, 2010. Navegante seeks to amend its Complaint to include a fraud claim. Butler opposes the Motion on procedural as well as substantive grounds. The Court will address the procedural argument first.

As Butler points out, D. Kan. Rule 7.1(a) requires that a motion be accompanied by a brief or memorandum in support of the motion unless certain exceptions apply. If the motion is not accompanied by a required brief or memorandum, the court may, under D. Kan. Rule 7.4, summarily deny the motion. Here, Navegante does not deny that it failed to provide a brief or memorandum in support of its Motion. Navegante also does not deny that its Motion is bereft of any significant substantive argument as to why it should be allowed leave to file its First Amended Complaint. Despite this, Navegante urges the Court to consider the merits of its Motion, and to look to its reply brief as a brief in support of its Motion. Navegante welcomes any sur-reply from Butler should Butler believe one necessary. Butler did not file a sur-reply.

Having considered the relevant law and the parties' respective arguments, the Court concludes that although it is within its discretion to summarily deny Navegante's Motion for failure to comply with D. Kan. Rule 7.1(a), the Court concludes that the Motion should be considered on its merits. In reaching this conclusion, the Court notes that "[i]n exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[1] Thus, the Court turns to the merits of the Motion.

**II.     STANDARD**

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[2] Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[3] The Supreme Court has held that "this mandate is to be heeded."[4] Leave to amend may be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[1] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'") (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

amendment."[5] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[6]

Butler opposes Navegante's Motion on the grounds that amendment would be futile. Butler, in asserting futility of amendment, has the burden of establishing futility of amendment.[7] "In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[8] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[9] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[10]

In addition, under Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud."[11] A complaint containing allegations of fraud must, under Fed. R. Civ. P. 9(b), "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences

---

[5] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[6] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citations omitted).

[7] *Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

[8] *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[10] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[11] Fed. R. Civ. P. 9(b).

thereof."[12] "In other words, the plaintiff must set out the 'who, what, where, and when' of the alleged fraud."[13] "The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct, . . . and to be construed as to do substantial justice.'"[14] The purpose behind Fed. R. Civ. P. 9(b) is to give the defendant fair notice of the plaintiff's claims and the specific factual grounds upon which they are based so that the defendant may prepare an adequate responsive pleading.[15]

## III. DISCUSSION

Butler opposes Navegante's Motion on the grounds that it would be futile to allow Navegante to file its First Amended Complaint to include a fraud claim. Butler argues that Navegante's proposed fraud claim lacks the specificity required by Fed. R. Civ. P. 9(b). Butler claims that Navegante failed to set out the who, what, where, and when of the alleged fraud. In support of its argument, Butler points to one paragraph in Navegante's fraud count:

> 71. Defendants, through Smith and Stewart, made false statements concerning the ownership and management of the Boot Hill Casino and Resort. Particularly, [Butler] knowingly made false statements concerning the equity and management role of Navegante throughout the application process and development of the casino, including (1) September 5, 2007 business meeting, (2) application to the Kansas Lottery Commission, (3) selection process by the Kansas Lottery Commission, and (4) various written and oral communications with Navegante between September 5, 2007 to present.

---

[12] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

[13] *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F.Supp.2d 1201, 1203 (D. Kan. 2001) (citations omitted).

[14] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting Fed. R. Civ. P. 8(e), (f)).

[15] *Id.*

Butler argues that although this paragraph contains information about who, what, where, and when, when looked at closely, the paragraph does not contain allegations about the required elements for each allegedly fraudulent statement. For example, Butler argues that the allegations that Smith and Stewart made false statements concerning the ownership and management of the Casino gives no indication of the time, place, or contents of the alleged representations, and the allegation concerning the September 5, 2007 meeting fails to indicate the place or contents of representations allegedly made at that meeting.

In addition, Butler argues that none of the other allegations in the proposed First Amended Complaint taken individually or together can be construed to allege fraud with particularity. Butler claims that the proposed First Amended Complaint fails to give Butler any indication of which allegations Navegante relies upon to establish fraud.

The Court has reviewed Navegante's proposed First Amended Complaint, considered the paragraphs together, and agrees with Butler. Although Navegante appears to have alleged facts throughout the proposed First Amended Complaint about who made fraudulent statements, or about when a fraudulent statement was made, or what the contents of the fraudulent statement were, Navegante fails to eventually connect all the dots and thus state with particularity the who, what, where and when of the alleged fraud. Without this necessary information, the Court must conclude that Navegante did not comply with Fed. R. Civ. P. 9(b), which requires a complaint containing allegations of fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[16] Consequently, the Court finds that Navegante has not pled a plausible claim for

---

[16] *Koch*, 203 F.3d at 1236 (quoting *Lawrence Nat'l Bank*, 924 F.2d at 180).

fraud. The Court therefore denies Navegante's Motion on the grounds that the proposed amendment would be futile.

**IT IS THEREFORE ORDERED** that the Motion for Leave to File First Amended Complaint (ECF No. 20) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of October 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties