# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BUTLER NATIONAL SERVICE CORPORATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 09-2466-JWL-DJW |
| NAVEGANTE GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NAVEGANTE GROUP, INC., | ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 09-2554-JWL-DJW |
| BUTLER NATIONAL SERVICE CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LARRY J. WOOLF, | ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 10-2444-CM-DJW |
| CLARK D. STEWART, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Second Motion for Leave to File First Amended Complaint (ECF No. 79) filed by Navegante Group, Inc. For the reasons set forth below, the Motion is denied.

1

## I. BACKGROUND

Navegante filed a lawsuit for negligent misrepresentation and unjust enrichment against Butler National Service Corporation ("Butler") on October 28, 2009. Navegante contends that Butler schemed to harness Navegante's knowledge and experience in order to bolster Butler's efforts to win state approval to build and manage the Boot Hill Casino and Resort (the "Casino"). Navegante further contends that when Butler promised Navegante a primary and long-term role in the management of the Casino, Butler convinced Navegante to consult on the project and provide significant assistance on the project. According to Navegante, its involvement with the project was key to Butler winning the bid for the Casino. However, Navegante claims that after Butler obtained state approval for the Casino, Butler reneged on its promises and attempted to relegate Navegante's role to a short-term consulting role and refused to execute a formal written agreement that would memorialize Navegante's promised role on the management team.

On February 2, 2010, Navegante's lawsuit, *Navegante Group, Inc. v. Butler National Service Corporation*, No. 09-2554-JWL-DJW, was consolidated with *Butler National Service Corporation, et al. v. Navegante Group, Inc., et al.*, No. 09-2466-JWL-DJW, with the latter designated the lead case. The Court then entered a Scheduling Order (ECF No. 15), which set May 6, 2010 as the deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings.

Navegante timely filed its first Motion for Leave to File First Amended Complaint (ECF No. 20) on May 6, 2010. Navegante sought to amend its Complaint to include a fraud claim. The Court concluded that although Navegante appeared to have alleged facts in its proposed First Amended Complaint about who made fraudulent statements, when such fraudulent

statements were made, or the contents of the fraudulent statements, Navegante failed to connect all the dots and thus state with particularity the who, what, where and when of the alleged fraud. The Court therefore concluded that Navegante failed to comply with the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a complaint containing allegations of fraud to set forth the time, place and contents of the fraudulent statements, the identity of the party making the fraudulent statements, and the consequences thereof. The Court therefore denied the motion on the grounds that Navegante's proposed First Amended Complaint did not contain a plausible claim for fraud, and thus the proposed amendment would be futile.

Navegante then filed the instant Motion on October 29, 2010, nearly six months after the May 6, 2010 deadline for amending pleadings set forth in the Scheduling Order. Navegante again seeks to amend its Complaint to include a fraud claim.

## II. STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] Rule 15(a)(2) further provides, "The court should freely give leave when justice so requires."[2] The Supreme Court has held that "this mandate is to be heeded."[3] Leave to amend may be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4] "It is well-settled that untimeliness alone is sufficient reason to deny leave to amend the complaint,

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

[4] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

especially if plaintiff fails to offer an explanation for the delay."[5] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[6]

When the proposed amendment is offered after the deadline for amending pleadings set forth in the scheduling order has passed, as is the case here, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[7] "Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline."[8] In these cases, the "Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[9] Only upon such a showing will the Court proceed to determine whether the more liberal Rule 15(a) standard for amendment has been satisfied.[10]

To demonstrate "good cause" under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[11] A lack

---

[5] *Engle v. Trego Cnty. Juvenile Ctr.*, No. 09-2459-CM-GLR, 2010 WL 4180287, at *3 (D. Kan. Oct. 20, 2010) (citing *Frank*, 3 F.3d at 1365-66).

[6] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citations omitted).

[7] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause." Scheduling Order (ECF No. 15) at 10.

[8] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).

[9] *Id.*

[10] *Id.*

[11] *Id.* (citations and quotations omitted).

of prejudice to the non-moving party does not demonstrate "good cause" under Rule 16(b)(4).[12] "A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion."[13]

With these standards in mind, the Court turns to Navegante's Motion.

## III. DISCUSSION

Because Navegante's Motion was filed almost six months after the deadline for amending pleadings set forth in the Scheduling Order, the Court must first determine whether Navegante has shown good cause as required by Rule 16(b)(4). Navegante argues that good cause exists because "[t]he proposed first amended complaint is based on documents and information that Navegante did not possess at the time it originally sought leave to amend."[14] In support of this argument, Navegante makes general statements as to exactly what information was learned through this additional discovery. Navegante claims that it "obtained additional ammunition" to help prove its fraud claim through the course of extensive discovery that occurred after the May 6, 2010 deadline.[15] Navegante further claims that it "gained a behind-the-scenes look at how the gaming facility known as Boot Hill really came together."[16] In addition, Navegante claims that Navegante learned through this additional discovery that much of what it had been "told about [] Boot Hill's management structure was at best, misleading, and

---

[12] *Id.* (citations omitted).

[13] *Id.* (citations omitted).

[14] Navegante's Mem. of Law in Support of Second Mot. For Leave to File First Am. Compl. at 11 (ECF No. 80).

[15] *Id.* at 9.

[16] *Id.*

5

at worst, an outright lie."[17] Navegante thus claims that, thanks to the additional discovery, it now has the information necessary to "connect the dots" and to state its fraud claim with particularity, which it did not have when it filed its first motion seeking to amend its Complaint within the May 6, 2010 deadline.

However, as Butler correctly points out in its response to the Motion, Navegante does not point to a single, specific piece of information supporting its proposed fraud claim that Navegante obtained through discovery conducted after the deadline for amending pleadings. Instead, Navegante makes general statements that it learned additional information through discovery which now allows it to "connect the dots" and state its fraud claim with particularity. These general statements, however, do not explain how the additional discovery provided support for Navegante's proposed fraud claim.

The Court finds that Navegante has not established good cause under Rule 16(b)(4). Navegante's general, conclusory statements that it gained new information during discovery conducted after the Scheduling Order deadline for amending pleadings fall short of demonstrating that Navegante could not have met the May 6, 2010 deadline even if Navegante had acted with due diligence.

As Navegante has failed to demonstrate good cause under Rule 16(b)(4), the Court need not consider whether Navegante has satisfied the standard for amendment under Rule 15(a). However, the Court concludes that even if Navegante had demonstrated good cause under Rule 16(b)(4), Navegante has not, as it claims, "connected the dots" of its fraud claim. Rather than explain to the Court exactly how its proposed First Amended Complaint now states its fraud claim with particularity, Navegante directs the Court's attention to a complaint filed by Larry J

---

[17] *Id.* at 10.

6

Woolf in *Larry J. Woolf v. Clark D. Stewart, et al.*, No. 10-2444-CM-DJW, which has been consolidated with this action. Navegante claims that the detailed allegations that serve as the basis for Woolf's claims in Case No. 10-2444 also serve as the basis for Navegante's claims against Butler in the proposed First Amended Complaint. However, reference to another complaint does not explain how Navegante's proposed First Amended Complaint states a fraud claim with particularity. The Court therefore concludes that Navegante has not demonstrated why the Court should change its conclusion reached in its Memorandum and Order (ECF No. 78) denying Navegante leave to amend on the grounds that such amendment would be futile because Navegante failed to state its fraud claim with particularity.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Navegante's Motion on the grounds that Navegante has failed to show good cause under Rule 16(b)(4) for filing its motion to amend out of time, and on the grounds that Navegante has not demonstrated why the Court should change its conclusion reached in its Memorandum and Order (ECF No. 78) denying Navegante leave to amend on the grounds that such amendment would be futile because Navegante failed to state its fraud claim with particularity.

**IT IS THEREFORE ORDERED** that the Second Motion for Leave to File First Amended Complaint (ECF No. 79) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 16th day of March 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties