IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NAVEGANTE GROUP, INC., )
 )
 Plaintiff, )
 )
 v. ) Case No. 09-2554-JWL
 ) (Consolidated for pretrial
BUTLER NATIONAL SERVICE ) in Case No. 09-2466-JWL)
CORPORATION, )
 )
 Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on the motion by plaintiff Navegante Group Inc. ("Navegante") (Doc. # 124) for review of the Magistrate Judge's Memorandum and Order of March 16, 2011, by which the Magistrate Judge denied Navegante's second motion for leave to file an amended complaint. For the reasons set forth below, the motion for review is **denied**.

### **I.     Procedural History**

The three cases in this consolidated litigation involve, on one side, Butler National Service Corporation ("Butler"), Clark Stewart (President and CEO of Butler's parent company), and Douglas Smith (Butler's project manager for this project); and on the other side, Navegante and Larry Woolf (Navegante's founder, CEO, and principal

shareholder). The litigation concerns the involvement of Navegante and Mr. Woolf in Butler's application to and eventual licensing by the State of Kansas to operate the Boot Hill Casino & Resort in Dodge City, Kansas.

On September 4, 2009, Butler and its affiliate, BHCMC, LLC (collectively, "Butler"), filed suit in this Court against Navegante and Mr. Woolf (Case No. 09-2466), in which Butler alleges that it entered into a consulting agreement with Navegante concerning the casino project; that the parties did not enter into a management contract; that neither Navegante nor Mr. Woolf was ever granted any equity position in Butler or the casino project; and that Navegante and Mr. Woolf have asserted that their rights extend beyond the consulting agreement and include a percentage of the project as part of the management team. Based on those allegations, Butler seeks a declaratory judgment to the effect that the rights of Navegante and Mr. Woolf in the project are limited to the consulting agreement. Butler also alleges in a separate count that Navegante breached that agreement by failing to perform certain services.

On October 28, 2009, prior to service of Butler's lawsuit, Navegante brought the present suit against Butler (Case No. 09-2554). By its original complaint, Navegante alleges that Butler promised and agreed that it would enter into a management agreement with Navegante (or a new entity created by Navegante) and that Navegante would receive an equity interest in the casino project. Navegante has asserted a claim for negligent misrepresentation, based on the allegation that Butler falsely indicated that it would enter into a management agreement and share equity with Navegante. Navegante

2

has also asserted a claim for unjust enrichment, based on the allegation that Navegante provided consulting and other services to Butler at substantially reduced rates. On February 10, 2010, Navegante's suit was consolidated with Butler's suit for pretrial purposes.

On May 6, 2010 (the deadline for amendments under the scheduling order), Navegante moved for leave to amend to add a fraud claim, based on alleged affirmative misrepresentations that Navegante would have a management and equity role in the project. By Memorandum and Order dated October 22, 2010, the Magistrate Judge rejected the proposed amendment as futile, based on his conclusion that the fraud claim did not comply with the particularity requirement of Fed. R. Civ. P. 9(b).

On August 10, 2010, during the pendency of Navegante's motion to amend, Mr. Woolf filed suit in this Court against Messrs. Stewart and Smith (Case No. 10-2444). Mr. Woolf alleges that Messrs. Stewart and Smith promised that he would receive an equity interest and a portion of the revenue stream from the project. Mr. Woolf asserts a claim for breach of fiduciary duty, based on the allegation that he was a joint venturer or partner of the other two gentlemen. Mr. Woolf also asserts a claim of fraud by silence, alleging that "among other things, Stewart and Smith had knowledge that they were not going to allow Woolf to participate in the ongoing revenue stream of Boot Hill." On November 2, 2010, Mr. Woolf's suit was consolidated for pretrial purposes with the other two lawsuits. On February 7, 2011, the Court dismissed Mr. Woolf's complaint for lack of standing, on the basis that Mr. Woolf had not asserted a plausible

3

claim that he had suffered damages separate from those suffered by Navegante. The Court granted Mr. Woolf leave to amend to cure that deficiency, however, and on February 21, 2011, Mr. Woolf did file an amended complaint.

On October 29, 2010—one week after the Magistrate Judge issued his order denying Navegante's motion for leave to amend in its case—Navegante again moved for leave to amend to add a fraud claim. Navegante argued that, having conducted substantial discovery after the filing of its first motion for leave, it could cure the pleading deficiency noted by the Magistrate Judge in his order.

On March 16, 2011, the Magistrate Judge denied Navegante's second motion for leave to amend (Doc. # 122). Because the motion had been filed after the scheduling order's deadline, the Magistrate Judge required Navegante to demonstrate "good cause" for modification of that deadline, pursuant to Fed. R. Civ. P. 16(b)(4). The Magistrate Judge then found that because Navegante had not identified any particular information obtained in discovery that was unknown prior to the amendment deadline, Navegante had not shown good cause. As an alternative basis, the Magistrate Judge also concluded that the amendment would be futile because the fraud claim asserted in the second proposed amended complaint still did not satisfy Rule 9(b). Navegante now seeks review of that order.

## II.  Governing Standard of Review

With respect to a magistrate judge's order relating to nondispositive pretrial

matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

On the other hand, with respect to a pretrial matter that is dispositive of a claim or defense, the court may "accept, reject, or modify" recommendations of a magistrate judge, and the district court must make a de novo determination of any issue raised by objection to those recommendations. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B) & (C); *Ocelot Oil*, 847 F.2d at 1462. This means that the district court gives no special weight to the magistrate judge's determination and independently determines the issues. *Ocelot Oil,* 847 F.2d at 1464.

In this case, Navegante argues that the Court should conduct a de novo review of the Magistrate Judge's denial of its motion for leave to amend because that denial had the effect of disposing of its proposed claim. Navegante cites to the *Ocelot Oil* case, in which the Tenth Circuit held that a magistrate judge's order striking pleadings as a discovery sanction constituted an involuntary dismissal and thus a dispositive order

5

under 28 U.S.C. § 636(b)(1)(A) that was subject to de novo review by the district court. *See Ocelot Oil*, 847 F.2d at 1462-63. Navegante also cites to a case from this district, *Cuenca v. University of Kansas School of Journalism*, 205 F. Supp. 2d 1226 (D. Kan. 2002), in which the court stated that it viewed a magistrate judge's decision "denying leave to add a party on futility grounds as a dispositive decision subject to de novo review." *See id.* at 1228.

The Court declines Navegante's invitation to apply the de novo standard in this case. The Court need not decide here whether it would follow *Cuenca* concerning the review of a denial of leave to amend based on futility; as set forth below, the Court affirms the Magistrate Judge's denial of leave to amend not on the basis of futility, but rather on the basis of Navegante's failure to show good cause for modification of the scheduling order and its deadline for amendments. Moreover, by finding no good cause for such a modification in this case, the Magistrate Judge did not dismiss an existing claim, as did the magistrate judge in *Ocelot Oil*. Navegante has not provided any authority suggesting that such a good cause ruling should be subject to de novo review. Finally, in the recent case of *Franke v. ARUP Labs., Inc.*, 390 Fed. App'x 822 (10th Cir. 2010) (unpub. decision), the Tenth Circuit noted that the motion to amend filed in that case "was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)." *See id.* at 828. Accordingly, Navegante must show in this case that the Magistrate Judge's conclusion that it failed to show good cause is clearly erroneous.

### III. <u>Analysis</u>

In its brief to the Magistrate Judge, in seeking leave to amend, Navegante conceded that "in cases such as the case at bar, where the proposed amendment comes after the scheduling order deadline, the Court must examine whether explanation for the delay rises to the level of good cause." *See Brylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (declining to decide the issue, but noting that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated"); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting that although it has not addressed the issue in the context of an amendment to the complaint, the Tenth Circuit has applied "Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline") (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990)); *Carefusion 213, LLC v. Professional Disposables, Inc.*, 2010 WL 4004874, at *3 & n.10 (D. Kan. Oct. 12, 2010) (noting that judges in this district "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline," and citing cases). Navegante makes the same concession in its brief to this Court. Thus, the Court considers whether the Magistrate Judge clearly erred in finding that Navegante failed to show good cause.

Navegante argues that it had good cause in part because it filed its second motion for leave to amend only one week after the Magistrate Judge denied its first motion for

leave (which was filed on the scheduling order's deadline), and that it thus acted promptly to cure the pleading deficiency noted by the Magistrate Judge. The Court rejects this argument. It is apparent that Navegante, in drafting its second proposed amended complaint, did not merely add allegations in order to plead its previously-proposed fraud claim with more particularity; instead, Navegante changed its proposed amendment in fundamental ways.

Navegante's first proposed amended complaint was virtually identical to its original complaint with respect to the factual allegations. Navegante simply added a third count at the end of the proposed pleading, by which it attempted to state a claim for fraud, based on the allegation that Butler "made false statements concerning the equity and management role of Navegante throughout the application process and the development of the casino." After the Magistrate Judge rejected that claim as deficient under Rule 9(b), Navegante did not simply add details about the particular alleged affirmative misrepresentations. Instead, Navegante substantially changed its factual allegations, essentially to match the allegations made by Mr. Woolf in his complaint, which had been filed while Navegante's first motion for leave was pending. Thus, Navegante was now seeking leave to allege that Butler had promised that Mr. Woolf (and not necessarily Navegante) would receive an equity interest and a share of the revenue stream. More significantly, Navegante changed its proposed fraud claim from one based on affirmative misrepresentations to a claim of fraud by silence, based on Butler's alleged knowledge of the fact "that it was not going to honor its promise to

8

allow Woolf or Navegante to participate in the ongoing management" of the casino and Butler's failure to communicate that fact.[1]

The second proposed amended complaint contains other alterations as well. For instance, in the unjust enrichment count of its original and first proposed amended complaints, Navegante alleged that it conferred a benefit to Butler by providing services "at substantially reduced rates." In this count in its second proposed amended complaint, however, Navegante has removed the quoted phrase, which would alter the alleged basis for the claim. Navegante has not justified or even addressed that proposed amendment either before the Magistrate Judge or in its briefs to this Court. Butler also notes that Navegante's second proposed amended complaint omits several potentially-harmful admissions from the factual allegations contained in its original and first proposed amended complaints.

For these reasons, the Court rejects Navegante's argument that its second proposed amended complaint represents an attempt merely to cure the pleading deficiencies of its first proposed amended complaint. Accordingly, the fact that Navegante filed its second motion for leave so soon after the Magistrate Judge's denial of its first motion is not relevant to whether Navegante showed good cause for filing the

---

[1] In his complaints, Mr. Woolf has explicitly titled this count as a claim for "fraud by silence." In its second proposed amended complaint, Navegante titles this count as a claim for "fraud"—apparently to maintain the illusion that it was merely curing its deficient pleading of its previously-proposed affirmative fraud claim—but the claim, which is almost identical to the one asserted by Mr. Woolf, is most clearly one of fraud by silence.

9

second motion nearly six months after the deadline for amendments.[2]

Rule 16(b)'s "good cause" provision "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *See Minter*, 451 F.3d at 1205 n.4. In support of its second motion for leave to amend, Navegante argued that it had good cause for seeking the amendment at that time because the second proposed amended complaint was based on documents and information that Navegante did not possess when it filed its first motion for leave, but that Navegante obtained in subsequent discovery. Navegante argued that through discovery Navegante and Mr. Woolf had gained a "behind-the-scenes look" at how the casino came together; that they "obtained additional ammunition" to help prove its case; that they learned that much of what Butler told others "was at best, misleading, and at worst, an outright lie;" that the information gained in discovery had led to the filing of Mr. Woolf's suit; and that Navegante had not previously known what Butler and Messrs. Stewart and Smith "were telling the State of

---

[2]Moreover, in the cases cited by Navegante, the courts were not applying Rule 16(b)'s good cause standard, but instead merely found that there had not been undue delay under Rule 15(a)'s liberal standard when the movant sought leave to amend after an adverse ruling on a motion to dismiss. *See Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989); *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 617 (D. Kan. 1999); *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 145 (D.C. Cir. 1989) (cited in *Koch*), *vacated*, 492 U.S. 914 (1989). Navegante has not provided any authority suggesting that the good cause analysis may be skipped and a second motion for leave may relate back to a timely first motion if the movant is merely attempting to cure pleading deficiencies noted by the court. To the contrary, Navegante has conceded that the good cause standard must be met here.

Kansas, banks and potential investors about Navegante's and Woolf's involvement" in the casino. As noted by the Magistrate Judge, however, Navegante did not identify any particular piece of information that it could not have obtained with diligence before the amendment deadline, but instead spoke only in general terms as set forth above.[3] Accordingly, Navegante did not show that it could not have filed its proposed amended complaint before the deadline in the absence of any particular information obtained in discovery, and thus that it had good cause for seeking modification of that deadline; and the Court concludes that the Magistrate Judge did not clearly err in so finding.

Moreover, Navegante failed to explain to the Magistrate Judge why any particular discovery prompted it to change its theory of recovery from one based on affirmative misrepresentations to one based on fraud by silence. Nor did Navegante address why it could not have alleged originally, as it sought to do in its second proposed amended complaint, that Butler promised that Mr. Woolf (and not necessarily Navegante) would share in the equity and revenue stream of the casino; as Butler notes, such content of representations made to Mr. Woolf and Navegante should have been known to Navegante without discovery. Nor did Navegante justify the other changes from its first to its second proposed amended complaint.

For these reasons, the Court concludes that the Magistrate Judge did not clearly

---

[3]It is telling that, even after Butler noted in its response to the motion for leave that Navegante had failed to identify any particular information gained in discovery, Navegante did not file any reply brief for consideration by the Magistrate Judge.

11

err in denying Navegante's second motion for leave to amend, based on Navegante's failure to establish good cause for seeking that amendment after the scheduling order's deadline.[4] Thus, the Court overrules Navegante's objections to the Magistrate Judge's order, and it denies the motion for review of that order.[5]

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by plaintiff Navegante Group Inc. (Doc. # 124) for review of the Magistrate Judge's Memorandum and Order of March 16, 2011, is **denied**.

IT IS SO ORDERED.

Dated this 9th day of May, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4] Based on this ruling, the Court need not address Butler's arguments under Rule 15(a) that it would suffer undue prejudice from the proposed amendment and that the amendment would be futile pursuant to Rule 9(b).

[5] Navegante's principal, Mr. Woolf, will still be able to pursue the fraud-by-silence claim in his own suit, which is virtually identical to Navegante's failed claim. Now that Navegante's motion for leave to amend has been finally resolved, the parties may arrange the status conference with the Magistrate Judge to address issues arising from any apparent inconsistencies between the allegations in this suit and in Mr. Woolf's suit, as previously ordered by this Court.

12